UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUI LING WEI, | : | C.A. NO. 3:21-cv-773 |
|     Plaintiff, | : | |
| | : | |
| VS. | : | JUNE 4, 2021 |
| | : | |
| KEYBANK NATIONAL ASSOCIATION, | : | |
| | : | |
|     Defendant. | : | |

NOTICE OF FILING
OF NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Defendant KeyBank National Association ("KeyBank"), through its undersigned attorneys, Moran • Karamouzis LLP, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully notices the removal of the above captioned action to the United States District Court for the District of Connecticut from the Superior Court of the State of Connecticut, Judicial District of Tolland at Rockville. The grounds for removal are as follows:

1. This action was commenced against defendant KeyBank in the Superior Court of the State of Connecticut, Judicial District of Rockville, by the filing of a Summons and Complaint. On May 10, 2021, KeyBank was served with a copy of the Summons and Complaint. Copies of all process, pleadings, and orders served upon defendant KeyBank are annexed hereto as Exhibit "A", in accordance with 28 U.S.C. § 1446(a).

2. The defendant named in plaintiff's Complaint is KeyBank National Association.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship) because the action involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## THE PARTIES

4. Plaintiff Rui Ling Wei is an individual residing within the State of Connecticut.

5. KeyBank is a national banking association with its principal place of business located at 127 Public Square, Cleveland, Ohio.

## THE STATE COURT ACTION

6. The Complaint asserts one cause of action against defendant KeyBank, a claim for negligence, based upon the alleged loss $76,000.00 due to Plaintiff being a victim of purported wire fraud scam. Specifically, the Complaint alleges that on or about May 7, 2019, Plaintiff instructed KeyBank to wire $76,000.00 to the Bank of China. Further, the Complaint alleges that on or about the evening of May 7, 2019, Plaintiff contacted KeyBank's customer service department and requested the wire be cancelled. The Complaint also alleges that on or about May 8, 2019, Plaintiff contacted KeyBank's wire transfer department to report that she may have been a victim of a scam and directed KeyBank to recall the wire. Finally, the Complaint alleges that KeyBank failed to contact the Bank of China to stop and recall the wire transfer, so the wire went through. *See* Complaint, ¶¶ 5-9 (Exhibit A).

7. According to the Complaint, "As a result of KeyBank's failure to cancel the Plaintiff's international wire transfer, the Plaintiff lost $76,000.00." *See* Complaint, ¶ 10 (Exhibit A).

## THIS COURT'S REMOVAL JURISDICTION

8. Title 28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court of this action as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship).

9. The Complaint states that Plaintiff is a citizen of the State of Connecticut. *See* Complaint, ¶ 1 (Exhibit A).

10. Defendant KeyBank is a citizen of the State of Ohio. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006); *Guiterrez v. JPMorgan Chase Bank & Co.*, 2009 WL 1059636 (S.D.N.Y. 2009); *Excelsior Funds, Inc. v. JPMorgan Chase Bank*, N.A., 470 F.Supp.2d 312 (S.D.N.Y. 2006).

11. The amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs. *See* Complaint, ¶ 13 (Exhibit A).

12. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as this is a civil action between citizens of different states and the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs. As an action of a civil nature where none of the parties in interest properly joined and served as defendants is a citizen of the State in which this action is brought, this action may be removed to this Court pursuant to 28 U.S.C. § 1441 (a) and (b).

13. The timing requirements of 28 U.S.C. § 1446 (b) have been satisfied in that this Notice of Removal has been filed within thirty (30) days after service of the Summons and Complaint upon defendant KeyBank.

14. The United States District Court for the District of Connecticut is the appropriate court to which this action should be removed because this district is the district embracing actions filed in the Superior Court of the State of Connecticut, Judicial District of Rockville.

15. A true and correct copy of this Notice of Removal is being served upon plaintiff as required by law. 28 U.S.C. § 1446 (d).

16. A true and correct copy of this Notice of Removal is also being filed promptly with the Clerk of the Superior Court of the State of Connecticut, Judicial District of Rockville, as provided by law. 28 U.S.C. § 1446 (d).

**WHEREFORE,** defendant KeyBank National Association respectfully requests that the captioned action, now pending in the Superior Court of the State of Connecticut, Judicial District of New Haven, be removed to this Court.

Dated: June 4, 2021
Rockville Centre, New York

Respectfully submitted,

**MORAN • KARAMOUZIS LLP**

By: _____
Andrew P. Karamouzis
Federal Bar No. ct29747

265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
akaramouzis@mka-law.com

Attorneys for Defendant
KeyBank National Association